IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEAGULL MARITIME AGENCIES PVT. LTD. | § § § § § | |
| Plaintiff, | | |
| v. | § § | C.A. NO. _____ |
| VR WOOD, INC. | § § § | |
| Defendant. | § | |

## COMPLAINT

COMES NOW Plaintiff, Seagull Maritime Agencies Pvt. Ltd. ("Seagull"), and files this its Complaint against Defendant, VR Wood, Inc., and, upon information and belief, alleges as follows:

### JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction also exists under 28 U.S.C. § 1332(a)(1) and/or (a)(2) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states and/or a foreign resident with its principal place of business outside of the State of Texas.

2. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b)(1) and (2) because Defendant is believed to reside within this district and because a substantial part of events or omissions giving rise to the claim occurred in this judicial district.

### PARTIES

3. At all relevant times, Plaintiff Seagull Maritime Agencies Pvt. Ltd. was and is a foreign entity organized and existing pursuant to the laws of a foreign country with an office and

2291175-1

1

place of business in the State of New Jersey. Seagull is a provider of logistics and supply chain services, including freight forwarding, and provided services to Defendant VR Wood, Inc.

4. At all relevant times, Defendant VR Wood, Inc. ("VR Wood") was and is a corporation or other business entity organized and existing under the laws of the State of Texas with its principal office in Houston Texas.

## FACTS

5. Plaintiff Seagull is a worldwide provider of logistics and shipping services.

6. On or about October 25, 2012, Plaintiff Seagull entered into a Forwarding Services Agreement ("Forwarding Agreement") with VR Wood, Inc. for the shipment of wood logs (and other materials and equipment) from Houston, Texas to Ho Chi Minh, Vietnam, onboard vessels owned or operated by the shipping line, CMA CGM (America) LLC. The scope of services identified in the Forwarding Agreement included shipping/freight forwarding and other value added services as may be mutually agreed. A true and correct copy of the Freight Forwarding Agreement, including Annex 1, is attached as Exhibit A.

7. The Forwarding Agreement provided a schedule of charges for ocean carriage, terminal handling and other services in Annex 1, which was duly incorporated and made part of the agreement. Responsibility for the payment of certain other charges associated with services to be provided under the agreement were set forth in Paragraph 14, Other Terms and Conditions, which provided in part that all port storage and line demurrage charges would be reimbursed to Plaintiff Seagull by Defendant VR Wood. *See* Forwarding Agreement, Ex. A.

8. At all material times, Plaintiff Seagull was acting in its capacity as a Freight Forwarder.

9. In accordance with the Forwarding Agreement, Plaintiff Seagull arranged for a series of shipments from Houston, Texas to Ho Chi Minh, Vietnam, beginning in November 2012, onboard vessels owned or operated by the shipping line, CMA CGM (America) LLC. Each shipment was made pursuant to a booking number.

10. On information and belief, Seagull paid freight and other charges relating to ocean carriage to the liner/ocean carrier, CMA CGM (America) LLC, or to their representative or agent.

11. For each shipment, Plaintiff Seagull sent an invoice or invoices for freight and other charges or services to Defendant, VR Wood.

12. Pursuant to Paragraph 11 of the Forwarding Agreement, payment was to be made within 30 days of the issuance of the Bill of Lading and any overdue invoices were subject to a penalty of "18% per annum pro rata." *See* Forwarding Agreement, Ex. A. Each invoice issued for shipments under the Forwarding Agreement also included the notation, "Payments delayed beyond agreed credit terms will attract interest @ 18% per annum."

13. As of the date of the filing of this Complaint, and despite due demand, Defendant VR Wood has failed to pay the $277,155.00 balance, plus interest at 18% per annum per invoice, owing to Plaintiff Seagull under invoices issued for shipments under the Forwarding Agreement. These outstanding invoices include:

        Invoice No. 4001-21172010004
        Invoice No. 4001-21172010016
        Invoice No. 4001-21272010001
        Invoice No. 4001-30172010004
        Invoice No. 4001-30272010016
        Invoice No. 4001-21272010005
        Invoice No. 4001-30272010017
        Invoice No. 4001-30172010003
        Invoice No. 4001-30372010015
        Invoice No. 4001-30372010016
        Invoice No. 4001-30472010004

A true and correct copy of each invoice is attached *in globo* as Ex. "B". Certain other amounts, as may be shown at trial, may also be due and owing to Plaintiff Seagull. Partial payment was received on two invoices: Invoice No. 4001-21172010004 and Invoice No. 4001-21272010005, though a balance remains on each invoice and is included in the total outstanding balance reflected above.

## BREACH OF CONTRACT

14. The allegations of Paragraphs 1 through 13 are re-alleged and incorporated herein by reference.

15. Plaintiff Seagull has performed all of its obligations under the Forwarding Agreement by arranging for the shipment(s) of goods, materials and/or equipment from Houston, Texas to Ho Chi Minh, Vietnam, or as otherwise directed by Defendant.

16. To date, Plaintiff Seagull has not been paid all amounts duly invoiced and owing for the services performed under the Forwarding Agreement.

17. Defendant VR Wood's refusal to pay and/or failure to pay the $277,155.00 balance, plus interest, and certain other amounts as may be shown at trial, which are owing to Seagull under the Forwarding Agreement and/or invoices for freight and services constitutes a material breach of the agreement.

18. As a result of this breach, Plaintiff Seagull is owed and has sustained damages in the amount of $277,155.00, together with interest at 18% per annum on each invoice, plus certain other amounts as may be shown at trial, no part of which has been paid, although duly demanded.

19. In attempting to recover the amounts owed, Plaintiff Seagull was forced to incur costs, expenses and attorney's fees in connection with enforcing the Forwarding Agreement and/or invoices and is entitled to recover those items pursuant to contract, Tariff, federal law, or state law.

2291175-1                                                                 4

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Seagull Maritime Agencies Pvt. Ltd. prays:

- A. That process in due form of law, according to the rules and practices of this Honorable Court may issue against VR Wood, Inc. requesting it to personally appear and answer all and singular the matters aforesaid;

- B. That a judgment be entered in favor of Plaintiff against VR Wood Inc. in the amount of $277,155.00, together with interest at 18% per annum per invoice, costs, expenses, prejudgment interest, and attorney's fees, and any other amounts as may be shown as owing to Plaintiff Seagull;

- C. That this Court grant Plaintiff, Seagull Maritime Agencies Pvt. Ltd., such other and further relief as it deems just and proper.

Respectfully submitted,

/s/ Katharine R. Colletta
Kevin P. Walters
Attorney-in-Charge
Texas State Bar No. 20818000
Federal I.D. No. 5649
Katharine R. Colletta
Texas State Bar No. 24053149
Federal I.D. No. 725375
CHAFFE MCCALL, L.L.P.
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone: 713-546-9800
Facsimile: 713-546-9806
walters@chaffe.com
colletta@chaffe.com

ATTORNEYS FOR PLAINTIFF
SEAGULL MARITIME AGENCIES PVT. LTD.